IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.M., A MINOR, BY AND THROUGH PARENTS, K.M. AND N.M.,<br><br>    Plaintiff,<br><br>  v.<br><br>PENNSBURY SCHOOL DISTRICT, THOMAS A. SMITH, LAURIE RUFFING, ELIZABETH ALDRIDGE, and REGGIE MEADOWS,<br><br>    Defendants. | CIVIL ACTION NO. 2:23-CV-01515 |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff A.M., a minor, by and through parents, K.M. and N.M. ("Plaintiff") and counsel for Defendant Pennsbury School District (the "District") and Individual Defendants Elizabeth Aldridge, Thomas A. Smith, Laurie Ruffing, and Reggie Meadows (hereinafter, the "Individual Defendants" and collectively, the "Defendants"), conferred on September 5, 2023, and submit the following report of their meeting for the Court's consideration.

I. **DISCUSSION OF CLAIMS, DEFENSES, AND RELEVANT ISSUES**

  A. **Plaintiff's Statement of the Case**

On 17 October 2023, a group students at the Pennsbury School District submitted complaints to the District alleging that Plaintiff had engaged in a variety of unwanted sexual actions towards each of them. Those complaints were false. Defendants nonetheless removed Plaintiff from his regular educational placement and, three days later, conducted an informal hearing. Defendants did not inform Plaintiff or his parents at that informal hearing that it was also his one and only chance to challenge his emergency removal from school indefinitely pending the

completion of a Title IX investigation. Defendants held no proceeding to allow Plaintiff to challenge that emergency removal. They informed him only that his removal could end when their Title IX investigation was complete. Nor did they accord him a formal hearing under the Pennsylvania School Code to challenge his exclusion from his regular educational placement for more than 10 consecutive school days, as was required by 22 Pa. Code § 12.8.

Following Defendants' exclusion of Plaintiff from his regular educational placement, Defendants slowed the pace of their investigation significantly. During the investigation, Plaintiff abided by Defendants' requirement that he engage in no adverse action against the primary authors of the false complaints against him, Students 1-6. Students 1-6, however, engaged in both direct harassment of Plaintiff and attacks on his reputation via social media. Despite Plaintiff's notifying Defendants of that violation of Defendant District's policies and Title IX, Defendants took no meaningful action to enforce the District's policies, or applicable laws, equally. Similarly, after Defendant Aldridge reached conclusions in her investigation that evince disparate treatment of Plaintiff, as compared to Students 1-6, based on his race, gender, and sexuality, Plaintiff filed a Title IX grievance against her. As with the Title IX violations by Students 1-6, and in contrast to their approach to Plaintiff, Defendants chose to take no meaningful action on that grievance.

Finally, even before rendering a decision in their investigation, Defendants informed Plaintiff that if Plaintiff did return to his regular educational placement, he would have to do so with a 1:1 "shadow" who would follow him throughout the day. Rather than endure that intolerable situation or suffer further loss of his education, Plaintiff, through his Parents, withdrew from the District. Plaintiff maintains that through their course of action, Defendants discriminated against him on the basis of his gender, sexuality, and race; denied him due process of law; and denied him equal protection of the laws.

B.  **Defendants' Statement of the Case**

Defendants deny any wrongdoing or liability to Plaintiff. On or around October 17, 2022, the District received reports from several high school students that they had been subjected to sexual assault and/or sexual harassment by Plaintiff, who was also a student at the high school. As a result of the reports, the District suspended Plaintiff for three (3) days and subsequently held an informal hearing concerning Plaintiff on October 21, 2022. Following the informal hearing, the District determined that the allegations against Plaintiff, if substantiated, demonstrated that Plaintiff posed a substantial risk of harm to others, thus warranting emergency removal pursuant to Title IX. Plaintiff's parents were advised, via letter dated October 24, 2022, that Plaintiff had been removed from school on an emergent basis in connection with the sexual harassment allegations made by several students; that they would receive written notice of the Title IX investigation process within 24 hours; that they had the right to examine any physical evidence and statements that was used to determine the outcome of the investigation; and that any physical evidence and written statements that were used would be provided to Plaintiff in advance of any determination to afford Plaintiff the opportunity to review and present additional information.

On October 25, 2022, the District provided Plaintiff's parents with a formal notice of investigation, which included the specific allegations made against Plaintiff and a detailed discussion of the Title IX investigation process, including notice of Plaintiff's rights.

The District assigned Dr. Elizabeth Aldridge, Ed.D., the District's Administrator on Special Assignment, to conduct the Title IX investigation into the allegations against Plaintiff. Over the next several months, Dr. Aldridge conducted witness interviews, collected witness statements, and gathered evidence as part of the investigation, which culminated in an investigation report. The District released Dr. Aldridge's investigation report on January 12, 2023, and provided

Plaintiff and his parents with a copy of the investigation report that same day. The District invited Plaintiff, as well as the complainants, to submit questions for any witnesses in the matter as a result of the investigation report. Plaintiff, however, did not submit any questions. Therefore, the District informed Plaintiff that it would issue a final written determination based on the Title IX investigation.

Before the District could issue its final written determination, Plaintiff withdrew from the District. On February 15, 2023, the District notified Plaintiff's parents that, because Plaintiff had withdrawn from the District, a final determination report would not be issued at that time.

Defendants deny that they violated Plaintiff's rights in any manner whatsoever, that they violated any law or statute, or that Plaintiff was discriminated against because of his race, sex, gender, or sexual orientation. Indeed, the District's Title IX process was not biased, was not deliberately indifferent, was not selectively enforced, and did not reach an erroneous outcome with respect to its investigation into the allegations made against Plaintiff. There is simply no evidence to the contrary. As such, Plaintiff's claims have no merit and his Complaint should be dismissed.

    **C.**    **Threshold Issues**

The parties do not presently perceive any threshold issues such as jurisdictional or venue-related issues. Defendants intend to move for summary judgment at the close of discovery. Plaintiff has not determined whether he will file any dispositive motions.

**II.**    **INFORMAL DISCLOSURES**

Both Plaintiff and Defendants served their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on August 11, 2023.

### III.   **FORMAL DISCOVERY**

The Parties have exchanged written discovery requests. The Parties agree to exchange discovery subject to a stipulated confidentiality order that requires all documents and information designated as confidential to be used solely for purposes of this litigation and for no other purpose. The Parties submitted a stipulated discovery confidentiality agreement and order to the Court on September 6, 2023, for the Court's consideration.

The Parties estimate they will need at least 90 days from the date of the Rule 16 conference to complete fact discovery.

Discovery need not be limited or focused on particular issues but will include inquiry into the following:

1. Plaintiff's claims, including his alleged grievances to the District;
2. The Title IX investigation into the allegations against Plaintiff;
3. Plaintiff's claims for damages;
4. Plaintiff's efforts to mitigate his alleged damages;
5. Defendants' defenses to Plaintiff's claims; and
6. Such other matters that may arise in the course of this litigation.

The parties do not presently anticipate the need to modify the requirements of the Federal Rules of Civil Procedure and/or this Court's Local Rules as they regard, *inter alia*, the permissible number of interrogatories each party is permitted to serve or depositions each party is permitted to take. Below is the Parties' proposed schedule for formal discovery:

1. Service of initial written discovery: **Written discovery requests have been exchanged.**
2. Factual discovery to be completed by **December 12, 2023.**

3. Plaintiff's Expert Report on or before **January 12, 2024.**

4. Defendant's Expert Report on or before **February 9, 2024.**

5. Expert discovery, including expert depositions, to be completed by **March 8, 2024.**

6. Dispositive motions to be filed on or before **April 12, 2024.**

7. Responses to dispositive motions to be filed on or before **May 3, 2024.**

8. Reply to dispositive motions to be filed on or before **May 17, 2024**.

IV. **ELECTRONIC DISCOVERY**

The Parties anticipate that the only ESI to be discovered will be e-mail and text message communications. The Parties have begun discussions to address the scope and method of ESI production.

V. **EXPERT WITNESS DISCLOSURES**

At this time, the Parties are still evaluating whether they will retain expert witnesses in this case. Accordingly, the Parties have incorporated expert discovery into the above proposed discovery schedule.

VI. **EARLY SETTLEMENT OR RESOLUTION**

The parties may be interested in engaging in an early settlement conference before a Magistrate Judge after the exchange of responses to written discovery. On March 10, 2023, prior to the commencement of this action, Plaintiff conveyed an initial written settlement demand. Plaintiff reiterated that settlement demand to Defendants' counsel on June 22, 2023. Defendants have not yet made an offer to Plaintiff in response to the initial demand.

## VII. **TRIAL**

The Parties propose a trial date that is no earlier than 60 days after a decision on dispositive motions. Plaintiff has requested a jury trial and the parties estimate trial will last between six (6) and eight (8) days: four-to-five days for Plaintiff's case and two-to-three days for Defendants' case. The Parties request that the Final Pretrial Conference be set no later than three (3) weeks prior to trial.

## VIII. **OTHER MATTERS**

At this time, the Parties do not anticipate any other issues to arise that may require the Court's attention.

| | |
|---|---|
| **RAFFAELE & ASSOCIATES LLC**<br>*Attorneys for Plaintiff* | **JACKSON LEWIS P.C.**<br>*Attorneys for Defendants* |
| */s/Michael D. Raffaele*<br>Michael D. Raffaele<br>1230 County Line Road<br>Bryn Mawr, PA 19010<br>michael@mykidslawyer.com | */s/Morgan D. Hollander*<br>Renee N. Smith, Esq.<br>Morgan D. Hollander, Esq.<br>Three Parkway<br>1601 Cherry Street, Suite 1350<br>Philadelphia, PA  19102<br>renee.smith@jacksonlewis.com<br>morgan.hollander@jacksonlewis.com |
| Dated: 8 September 2023 | Dated: September 8, 2023 |

## CERTIFICATE OF SERVICE

I caused a copy of the Parties' Report of Rule 26(f) Meeting to be served on counsel for all Defendants via the Electronic Case Filing system of the Eastern District of Pennsylvania this day.

Date:   8 September 2023                                          */s/Michael D. Raffaele*